**BLUE BELL, INC., Plaintiff,**

v.

**JAYMAR–RUBY, INC., Defendant.**

**No. 69–Civ. 2217.**

United States District Court,
S. D. New York.

Dec. 1, 1969.

Aaron B. Karas, New York City, for plaintiff.

Pattishall, McAuliffe & Hofstetter, by W. Thomas Hofstetter and David C. Hilliard, Chicago, Ill., Gilbert, Segall & Young, by Robert Layton, New York City, for defendant.

MEMORANDUM

CROAKE, District Judge.

The above-captioned action was commenced by the filing of a complaint on May 22, 1969 by Blue Bell, Inc., a Delaware corporation having a place of business in New York City, and its principal office in Greensboro, North Carolina. The complaint contains allegations of trademark infringement and unfair competition against Jaymar-Ruby, Inc., an Indiana corporation having its principal place of business in New York City. This defendant brings on this motion, pursuant to 28 U.S.C. § 1404(a), seeking an order transferring the action from the Southern District of New York to the Northern District of Indiana or, in the alternative, to the Northern District of Illinois for the "convenience of parties and witnesses, in the interest of justice."

Having moved for a change of venue, defendant must show the necessity for such a transfer, since the forum properly selected by a party should not be disturbed unless the movant clearly

demonstrates that the balance of convenience and justice weighs heavily in favor of such a transfer. SEC v. Golconda Mining Co., 246 F.Supp. 54, 56 (S.D.N.Y.1965); United States v. General Motors Corporation, 183 F.Supp. 858, 860 (S.D.N.Y.1960).

■ Included among the factors to be considered and balanced by the Court in making a determination on a motion to transfer venue are: (1) relative ease of access to sources of proof; (2) availability of process to compel attendance of unwilling witnesses; (3) cost of obtaining willing witnesses; (4) practicality of where the case can be tried more expeditiously, inexpensively and with relative ease; and the interest of justice. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Van Dusen v. Barrack, 376 U.S. 612, 643, 84 S.Ct. 805, 11 L.Ed. 945 (1964).

Defendant has asserted the following considerations in an attempt to bring the present case within the ambit of the above criteria: neither plaintiff nor defendant maintains its executive offices, principal place of business or records within the Southern District of New York; defendant's business and corporate records, general sales and advertising files and all presently known prospective trial exhibits are located in Chicago, Illinois and Michigan City, Indiana and could only be transferred to New York "with considerable difficulty, inconvenience, disruption and expense"; Hart Shaffner & Marx, the parent corporation and equitable owner of all rights and interests in the subject matter of this litigation, has its principal place of business, executive offices and business records located in Chicago, Illinois; all presently known prospective trial witnesses of the defendant reside or have their offices in Chicago or Michigan City; the court calendar in the Southern District of New York is very congested and so the trial of this case will be expedited by the defendant's requested transfer of venue.

■ It is apparent from the papers before this Court that the "inconvenience" argument presented by defendant concerning the proximity of its records, exhibits and witnesses to Chicago and Michigan can be used to support the position of either party in this action. Plaintiff has shown in its affidavit that its entire in-house advertising staff and outside advertising agency, all sales and advertising records, banking activities, and several key witnesses are located in New York. It would be likewise inconvenient and time consuming for plaintiff to have its witnesses and records transferred from New York to Chicago or Michigan City. In a situation such as the present, where a transfer would merely shift the inconvenience from one party to the other, or, where after balancing all the factors, the equities would lean only slightly in favor of the movant, plaintiff's choice of forum should not be disturbed. DeLuxe Game Corp. v. Wonder Products Co., 166 F.Supp. 56, 61 (S.D.N.Y.1958); Saperstone v. Kapelow, 279 F.Supp. 781, 782 (S.D.N.Y. 1968).

Moreover, here, as in other cases, pretrial discovery is certain to reduce the volume of documents which must be offered as proof at trial. As to those documents which must be produced, there is no apparent reason why disruption of defendant's business files cannot be obviated "via the modern miracle of photographic reproduction." Herbst v. Able, 278 F.Supp. 664, 667 (S.D.N.Y.1967).

■ The final argument presented by defendant is that time can be saved by transferring this case from the Southern District of New York to the less crowded dockets of the Northern District of Indiana or the Northern District of Illinois. Although plaintiff has not denied that a trial in the District Court of the Northern District of Illinois or Indiana might possibly be commenced earlier than a trial in this district, defendant has not shown that a delay in bringing this action to trial would result in any detriment to either party. Calendar conditions are only accorded some

**944**

and not decisive weight by the courts in considering motions for transfer of venue and in a case such as the present, such a factor has not been shown to be an important consideration. See Peyser v. General Motors Corporation, 158 F. Supp. 526, 530–531 (S.D.N.Y.1958); United States v. General Motors Corp., *supra*, 183 F.Supp. at 860; SEC v. Golconda Mining Co., *supra*, 246 F.Supp. at 60.

Balancing all of the above considerations, this Court concludes that defendant, Jaymar-Ruby, Inc. has not shown that the balance of convenience justifies a change in plaintiff's choice of forum.

Accordingly, motion to transfer venue from the Southern District of New York is denied.

So ordered.