**A. C. MILLER CONCRETE PRODUCTS CORP., Plaintiff,**

v.

**QUIKSET VAULT SALES CORP., Defendant.**

Civ. A. No. 69-2964.

United States District Court,
E. D. Pennsylvania.
March 12, 1970.

Edward C. Gonda, Seidel, Gonda & Goldhammer, Philadelphia, Pa., for plaintiff.

Robert C. Grasberger, Strong, Barnett & Grasberger, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is a motion of the defendant to transfer or in the alternative dismiss an action brought by the plaintiff to void a contract between the parties on the ground that certain of its provisions are offensive to Sections 1 and 2 of the Sherman Act. The primary contention of the defendant in this regard is that the parties provided that legal actions contesting the contract would be brought in California and that therefore the case in our Court should be dismissed or transferred. Section 24 of the contract between the parties provides that:

"It is mutually agreed that regardless of where executed, this agreement shall be conclusively deemed to have been executed under and pursuant to the laws of the State of California and that the laws of said state, and only said state, shall be applied hereunder, and that any causes of action between the parties hereto shall only have jurisdiction and venue in the Courts of the State of California in and for the County of Orange."

In resisting the defendant's motions, the plaintiff contends that the above provision refers only to actions in state courts under state laws, and does not encompass actions under federal laws, so that it is not a bar to the instant action in this jurisdiction. We disagree. The provision explicitly provides that in *"any cause of action"* jurisdiction and venue will be in Orange County, California. We think that, in the context of this contracting situation, although the parties may not have specifically adverted to the possibility of a federal action, it was their general agreement that all disputes [1] and causes of action be resolved in Los Angeles, California. If any cause of action could not by law be brought in state courts, but had to be brought in federal courts, the logical inference is that the proper federal district would be the one encompassing Orange County, California, not some other one. The defendant, who has numerous similar franchising agreements with parties in different areas of the country, obviously bargained for this term so he would not have to defend his agreements at far-flung locations, and it is not our province to upset agreements of the parties in these circumstances.[2]

Neither party is at odds with the so-called "modern rule" that

" * * * while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another fo-

rum and where such agreement is not unreasonable at the time of litigation." Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3rd Cir. 1966).

See also Wm. H. Muller & Co., Inc. v. Swedish American Line, Ltd. & T.S.S. Co., Ltd., 224 F.2d 806 (2nd Cir. 1955). Accordingly, since we consider the instant agreement reasonable under the circumstances, we could dismiss the action *Ibid.* However, in the interest of saving the plaintiff the effort and expense of bringing a new action in California, we will, pursuant to 28 U.S.C. § 1406(a) transfer the action to the United States District Court for the Central District of California.

Since there may possibly be some question whether a case should be transferred under § 1406(a) or § 1404(a) under these circumstances,[3] we will add for the record that we would reach a like result under § 1404(a). The contractual provision for venue not only negates the deference traditionally accorded to the plaintiff's choice of forum, but weighs in favor of the defendant's position here. In addition there are a number of factors pointing to the Central District of California as the most convenient forum: The state law to be applied, to the extent state law is relevant, will be California law. Due to differences in backlog, it would take only about nine months for this case to reach trial in California, but trial would not be reached in this district for over two-and-one-half years; and since the defendant has approximately fifteen franchising agreements with parties in various parts of the country which are im-

1. Section 22 of the contract provides that in any dispute between the parties, as to interpretation of the contract or obligations thereunder, either party could request arbitration of the matter in Los Angeles.

2. The plaintiff also contends that since he is attacking the validity of the agreement *ab initio*, he should not be required to abide by one of its terms. The short answer to this is that the thrust of the

plaintiff's attack is against the substance of the agreement, and to allow him to upset the venue provision as well because he alleges the agreement is invalid would be to provide an easy escape from such provisions by merely calling the entire contract into question.

3. *Cf.* Dubin v. United States, 380 F.2d 813 (5th Cir. 1967); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

periled by this suit, a speedy adjudication of the merits is important to prevent undue interruption of the defendant's business. The defendant has named a number of witnesses whom he intends to call who reside in California. The business records and the records relating to the agreement (as well as the records of similar agreements) which is the substance of the case are located in California. At hearing, the plaintiff only specified one witness and a small file of records which would have to be transported to California for trial.