PAUL ALLISON, INC., Plaintiff,

v.

MINIKIN STORAGE OF OMAHA,
INC., Defendant,

v.

The TRAVELERS INDEMNITY COMPA-
NY, Additional Defendant.

No. CIV–76–0118–D.

United States District Court,
W. D. Oklahoma.

Oct. 20, 1976.

On Reconsideration June 30, 1977.

John B. Hayes, Oklahoma City, Okl., for plaintiff.

Jim K. Goodman, Oklahoma City, Okl., for defendant Minikin.

John B. Hayes, Oklahoma City, Okl., for additional defendant The Travelers Indem. Co.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for alleged breach of a construction contract. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff is incorporated and has its principal place of business in Oklaho-

ma; Defendant Minikin Storage (hereinafter referred to as Movant) is incorporated and has its principal place of business in Nebraska; the contract was executed in Oklahoma; any breach of said contract allegedly occurred in Nebraska.

Movant filed herein, pursuant to 28 U.S.C. § 1404(a), a Motion for Change of Venue for Forum Non Conveniens. Said Motion is supported by a Brief and Affidavit and Plaintiff has filed a Brief and Affidavit in Opposition to Motion for Change of Venue.

Movant's contention is that the United States District Court for the District of Nebraska is the appropriate forum for this action. In support of its Motion, Movant asserts that the majority of Movant's witnesses are located in Nebraska and would find it inconvenient to appear in this Court; that the nonparty witnesses located in Nebraska are not subject to this Court's subpoena powers and therefore cannot be compelled to appear; that it is necessary for the trier of fact in this action to view the construction site located in Nebraska in order to appreciate the materiality of the alleged defect in construction; and that since Nebraska law is to be applied, a court more familiar with such law should hear this action.

Plaintiff in its Response contends that there is no compelling reason for this Court to transfer the case to Nebraska. Plaintiff argues that since Plaintiff and all but one of Plaintiff's witnesses reside in Oklahoma, Plaintiff would be inconvenienced to try the case in Nebraska.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ The transfer of pending civil cases from one district to another is governed by the above statute. The grounds for a transfer are the convenience of the parties and witnesses and the interest of justice. The transfer lies within the sound judicial discretion of the trial court. *Metropolitan*

*Paving Co. v. International U. of Op. Eng.*, 439 F.2d 300 (Tenth Cir. 1971), cert. denied 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (Tenth Cir. 1967).

■ The party seeking a transfer must make out a strong case for a transfer by showing more than a bare balance of convenience in its favor. Under 28 U.S.C. § 1404(a), the burden is on Movant to establish his right to the requested transfer. Movant has a heavy burden of showing necessity for such transfer. *Texas Gulf Sulphur Co. v. Ritter, supra.*

It is not enough merely to show that Movant is inconvenienced in the present forum. *Levin v. Mississippi River Corp.*, 289 F.Supp. 353 (S.D.N.Y.1968). Where a transfer would merely shift the inconvenience from one party to the other, or where the balance of all the factors is but slightly in favor of the moving party, a transfer should be denied. *Vasquez v. Falcon Coach Co.*, 376 F.Supp. 815 (D.N.D.1974); *Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 311 F.Supp. 942 (S.D.N.Y.1969); *Nocona Leather Goods Co. v. A. G. Spalding & Bros.*, 159 F.Supp. 269 (D.Del.1957).

■ Plaintiff has indicated that it will call four witnesses, all but one located in Oklahoma City. Movant has indicated that it will possibly use fifteen witnesses with twelve of the witnesses located in Omaha, Nebraska. The number of witnesses each party is likely to call is a factor to be considered. However, the number of witnesses is not of itself conclusive. The quality of their testimony is equally to be considered. *Brown v. Woodring*, 174 F.Supp. 640 (M.D.Pa.1959); *Anthony v. RKO Radio Pictures*, 103 F.Supp. 56 (S.D.N.Y.1951). Both parties' witnesses appear to be equally material to the parties' respective positions. Compulsory process would not be available to either party for a majority of their witnesses should the trial be held away from the forum where they respectively seek to have the case tried.

It is obvious that in this type of case, there will be inconvenience to one side or

the other no matter where the trial takes place. In deciding whether this case should be transferred, the Court must decide whether Movant and its witnesses should travel from Nebraska to Oklahoma or whether Plaintiff and its witnesses should travel the route in reverse. Movant is seeking only to shift the inconvenience from Movant to the Plaintiff. 28 U.S.C. § 1404(a) does not allow such a shift without a showing that Movant's inconvenience will be far greater than that of Plaintiff. Movant has not established this.

The Court does not feel that justice would be any better served by transferring this case to the Nebraska District Court. It has not been established to the Court's satisfaction that there is a necessity for the trier of fact in this case to view the construction site where the alleged breach occurred. Any benefit the trier of fact might gain from a view of the site can be furnished equally as well by other evidentiary means.

The Court will experience no difficulty in treating any Nebraska laws which may be involved in this action.

From a consideration of all the factors brought to the attention of the Court by the pleadings and the said Motion and Response thereto, the Court is not inclined to disturb the forum selected by the Plaintiff. The Plaintiff has the right to select the forum for his action. Unless the balance is strongly in favor of Movant, the Plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 62 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662 (Tenth Cir. 1972); *Texas Gulf Sulphur Co. v. Ritter, supra; Chicago, Rock Island and P. Ky. Co. v. Hugh Breeding Inc.*, 247 F.2d 217 (Tenth Cir. 1957) app. dis. 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107.

In the Court's judgment the balance herein is not strongly in favor of the Movant. In applying the triple standard of 28 U.S.C. § 1404(a), i. e., convenience of parties, convenience of witnesses, and the interest of justice to this case, it does not appear that the matters alleged by the Movant preponderates.

In view of the foregoing, Movant's Motion for Change of Venue for Forum Non Conveniens should be denied.

It is so ordered this 20 day of October, 1976.

## ON RECONSIDERATION

Upon reconsideration of the Motion for Change of Venue made by Defendant Minikin Storage of Omaha, Inc. (Minikin), and the Order of the Court entered October 20, 1976 denying such Motion, the Court finds and concludes that said Motion should have been granted and this case transferred to the United States District Court for the District of Nebraska in view of new information now before the Court.

■ It appears from information presented to the Court since the said Order of October 20, 1976, denying transfer that the Federal Arbitration Act, 9 U.S.C. §§ 1–14, is the law applicable to the arbitration clause in the contract forming the basis of this case. *See Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263 (Seventh Cir. 1976); *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345 (Tenth Cir. 1973); *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995 (Eighth Cir. 1972); *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209 (Second Cir. 1972), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (Second Cir. 1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). 9 U.S.C. § 9 establishes procedures for confirmation of an award and provides in part as follows:

"If the parties in their agreement have agreed that a judgment shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in

sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States Court in and for the district within which such award was made."

The arbitration provision contained in the contract involved in this case provides that "[t]he award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof." Thus, it seems that insofar as Plaintiff is seeking a judgment herein upon the arbitration award, this Court lacks subject matter jurisdiction thereof and the proper court to grant such relief would be the federal district court encompassing Omaha, Nebraska. Likewise, under 9 U.S.C. §§ 10 and 11 the only court that may vacate or modify an arbitration award under the Federal Arbitration Act, *supra*, as the Defendant requests herein, is the court in and for the district where the award was made.

In view of the foregoing and as the record before the Court indicates that Plaintiff brought the instant action as to enforcing the arbitration award within one year of the making of the arbitration award and is seeking to enforce the same, the Court finds and concludes that it lacks jurisdiction to grant this relief to Plaintiff. Accordingly, in the interests of justice, this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Nebraska, the only court capable of granting the arbitration award enforcement relief Plaintiff seeks and a Court in which this action might have been brought.

It is so ordered this 30 day of June, 1977.