**Loyal W. FURRY and Bobbie Furry, Plaintiffs,**

v.

**FIRST NATIONAL MONETARY CORPORATION; Joseph A. Pick, and Mike Norwood, Defendants.**

**No. CIV 84–323–R.**

United States District Court, W.D. Oklahoma.

Oct. 23, 1984.

Stephen D. Halfhill, Field & Halfhill, Alexandria, Va., William H. Mattoon, Norman, Okl., for plaintiffs.

Kenneth F. Silver, Simon, Deitch, Siefman, Tucker & Friedman, Southfield,

Mich., James W. Shepherd and Nancy M. Thompson, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

The Plaintiffs brought this action against the Defendants to redress alleged violations of the Commodity Exchange Act, 7 U.S.C. § 1–§ 26 (1982), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961–§ 1968 (1982). The Defendant Pick has motioned the Court pursuant to Fed.R.Civ.P. 12(b)(2) and Fed.R.Civ.P. 12(b)(5) to dismiss the Complaint as against him for lack of *in personam* jurisdiction and insufficiency of service of process. All three Defendants have motioned the Court pursuant to Fed.R.Civ.P. 12(b)(3) to dismiss for improper venue. In the alternative, the Defendants urge the Court to transfer this action to the United States District Court for the Eastern District of Michigan, Southern Division pursuant to either 28 U.S.C. § 1404(a) (1982) or 28 U.S.C. § 1406(a) (1982). As the Court finds the Motion to Transfer for improper venue under 28 U.S.C. § 1406(a) dispositive of the case as it stands before this Court, only that motion will be addressed in this Order.

The Plaintiffs in this action are Oklahoma citizens who have maintained a nondiscretionary commodities trading account with the Defendant brokerage. The investment transaction has its genesis in an agreement executed between the parties, the following provision of which is relevant to the Motion to Transfer:

> [T]he undersigned further acknowledges and agrees that the formation of this Agreement constitutes the making of a contract within the State of Michigan; that Michigan is a mutually reasonably convenient place for any trial concerning disputes arising out of this Agreement and further agrees to submit to the jurisdiction of the Courts in the State of Michigan with respect to claims arising out of this Agreement.

The Defendants, all Michigan citizens, argue that under the foregoing provision the Plaintiffs have contractually surrendered their right to lay venue in any forum other than a Michigan court. The Plaintiffs, on the other hand, advance two arguments that the "choice of forum" provision does not prohibit entertaining the action in this forum: (1) The provision is unenforceable; and (2) The provision is at best permissive and does not mandate that Plaintiffs bring their action in a Michigan forum.

■ Forum selection clauses are *prima facie* valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–12, 92 S.Ct. 1907, 1912–14, 32 L.Ed.2d 513 (1972); *Dracos v. Hellenic Lines Ltd.*, 705 F.2d 1392, 1394 (4th Cir.1983); *Bense v. Interstate Battery Systems of America*, 683 F.2d 718, 721–2 (2nd Cir.1982); *In re Fireman's Fund Insurance Companies, Inc.*, 588 F.2d 93, 95 (5th Cir.1979); *Intermountain Systems, Inc. v. Edsall Construction Co.*, 575 F.Supp. 1195, 1197 (D.Colo.1983); *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 711 (D.R.I.1983); *Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131, 133 (S.D.N.Y.1983); *Richardson Engineering Co. v. International Business Machines Corp.*, 554 F.Supp. 467, 468–9 (D.Vt.1981), *aff'd* 697 F.2d 296 (2nd Cir.1982); *Kline v. Kawai America Corp.*, 498 F.Supp. 868, 871 n. 1 (D.Minn.1980). *Cf. Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974); *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos*, 553 F.2d 842, 844 (2nd Cir. 1977). Provisions in a contract selecting a forum act as a waiver of statutory provisions which would normally determine the appropriated forum. *E.g., In re Fireman's Fund*, 588 F.2d at 95, *citing National Equipment Rental Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Thus, the Defendants' Motion to Transfer made pursuant to 28 U.S.C. § 1406(a) (1982) is cognizable on the issue of the efficacy of the forum selection clause. *D'Antuono*, 570 F.Supp. at 710;

*Full-Sight Contact Lens v. Soft Lenses, Inc.,* 466 F.Supp. 71, 73 (S.D.N.Y.1978); *A.C. Miller Concrete Products Corp. v. Quickset Vault Sales Corp.,* 309 F.Supp. 1094, 1095 (E.D.Pa.1970).

 The Court must first consider whether the forum selection clause in this case requires that the action be pursued in a Michigan forum. While there is perhaps a fair argument that the provision in question contemplates only actions initiated by First National Monetary Corporation against its investors, the Plaintiffs do not make it; instead, they simply argue that the clause in this case is permissive rather than mandatory. The Plaintiffs would apparently distinguish the forum selection provision in their contract from one such as that in *D'Antuono*, which provided that "[a]ny action relating to this Agreement shall be instituted and prosecuted in the Courts of San Diego County, California." 570 F.Supp. at 710. While the Court agrees that the *D'Antuono* clause is perhaps a better worded specimen, the Court does not find that the forum selection clause in this case fails its essential purpose, which is to protect the corporate Defendant from having to litigate in distant forums all over the nation. It is clear that such provisions should be enforced when invoked by the party for whose benefit they are intended. *See In re Fireman's Fund,* 588 F.2d at 95, *citing Electronic & Missile Facilities, Inc. v. United States,* 306 F.2d 554 (5th Cir.1962), *rev'd on other grounds, sub nom. Moseley v. Electronic & Missile Facilities, Inc.,* 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963). Further, at least two courts have considered a provision identical to the one in this case and apparently have concluded that the provision is mandatory, granting motions to transfer under 28 U.S.C. § 1406(a) over the objection of the plaintiff. *Jahann v. First National Monetary Corp.,* No. CIV–84–1627 (S.D.Fla. Aug. 27, 1984); *Hughes v. First National Monetary Corp.,* No. CIV–83–7194 (S.D.N.Y. Jan. 23, 1984). This Court is in agreement, and concludes that reading the forum selection clause as mandatory is the better interpretation.

The Plaintiffs also argue that the clause, whether permissive or mandatory, is unenforceable in this case. They rely on the decision of the proposed transferee court in *First National Monetary Corp. v. Chesney,* 514 F.Supp. 649 (E.D.Mich.1980), wherein the court held an identical forum selection provision unenforceable. *Id.* at 656. However, this Court finds *Chesney* inapposite to the case at bar, as in that case the court considered the reach of the Michigan long arm statutes, including an *in personam* jurisdiction statute enumerating the requisite elements of a binding forum selection clause. *Id.* at 654. In this case, there is no *in personam* jurisdiction issue, as the Plaintiffs are clearly entitled to hale the Defendants into court in the Defendants' home state. Thus, the Court concludes that the enforceability issue in this case must turn on "whether it clearly can be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Bense,* 683 F.2d at 721–2, *quoting The Bremen,* 407 U.S. at 12, 92 S.Ct. at 1914.

 There is no assertion in this case that the forum selection clause was obtained by fraud; the mere fact that the Plaintiffs' claims are in essence fraud claims is insufficient to support the inference that the clause itself was a product of fraud or coercion. *See Scherk,* 417 U.S. at 519 n. 14, 94 S.Ct. at 2457 n. 14. Further, the Court is satisfied that, even though the contract in this case may exhibit some aspects of the "adhesion" contract, *see Chesney,* 514 F.Supp. at 656, this alone does not amount to the overreaching proscribed by *The Bremen.* Thus, the issue of enforceability in this case must be resolved on the question whether it is unreasonable under the circumstances to require the Plaintiffs to sue in a Michigan forum. *The Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913. *D'Antuono,* 570 F.Supp. at 711.

 To demonstrate unreasonableness, it must be shown that "trial in the contractual forum will be so gravely diffi-

cult and inconvenient that [the party opposing transfer] will for all practical purposes be deprived of his day in court." *The Bremen,* 407 U.S. at 18, 92 S.Ct. at 1917. This very heavy burden rests upon the Plaintiffs in this case, as they are the parties resisting enforcement of the contractual forum selection provision. *The Bremen,* 407 U.S. at 17, 18, 92 S.Ct. at 1917. *D'Antuono,* 570 F.Supp. at 711. As the Plaintiffs have failed to present any evidence that they would be seriously inconvenienced by having to maintain this action in a Michigan forum, the Court concludes that enforcement of the forum selection clause in this case is not unreasonable.

■ The forum selection clause in this case is enforceable and venue must therefore be laid in the Eastern District of Michigan. Under 28 U.S.C. § 1406(a), the Court has the authority either to dismiss this case or to transfer it to that district. The Court feels that the interests of justice would be best served by a transfer rather than a dismissal for improper venue under Fed.R. Civ.P. 12(b)(3). Thus, the Court will order this action transferred to the United States District Court for the Eastern District of Michigan, Southern Division.

In summary, the Defendants' Motion to Transfer is granted. The Court orders this action transferred to the United States District Court for the Eastern District of Michigan, Southern Division. This transfer obviates the need to consider any of the other motions advanced by the Defendants.

IT IS SO ORDERED this 23 day of October, 1984.