**Andy JANKO, an individual and Andy's Marine Inc., an Oklahoma corporation, Plaintiffs,**

v.

**OUTBOARD MARINE CORPORATION, a Delaware corporation, Defendant.**

**No. CIV 84–2250–R.**

United States District Court, W.D. Oklahoma.

Jan. 15, 1985.

Allan DeVore, Evans & DeVore, Oklahoma City, Okl., for plaintiffs.

Peter B. Bradford and Clifford A. Jones, Oklahoma, City, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

The Defendant has filed two dispositive motions: a Motion to Dismiss for Lack of Venue or in the Alternative to Transfer, and a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. As the Court is persuaded to transfer this action, only that motion will be addressed by this Order.

In order to sell the products of the Defendant, the Plaintiff Corporation entered into a Dealer Agreement with the Defendant, which agreement sets forth the rights and liabilities of the parties. The contractual provision giving rise to the transfer motion reads as follows:

> Any cause of action, claim, suit or demand by Dealer, allegedly arising from or related to the terms of this Agreement or the relationship of the parties, shall be brought in the Federal District Court for the Northern District of Illinois, in Chicago, Illinois, or in the Circuit Court for the Nineteenth Judicial Circuit of the Court of the State of Illinois, in Lake County, Illinois. BOTH PARTIES HERETO IRREVOCABLY ADMIT THEMSELVES TO, AND CONSENT TO, THE JURISDICTION OF EITHER OR BOTH OF SAID COURTS. The provisions of this paragraph shall survive the termination of this Agreement.
>
> (emphasis in original)

■ Venue selection provisions should be enforced unless a party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *See also, Bense v. Interstate Battery System*, 683 F.2d 718 (2nd Cir.1982); *Taylor v. Titan Midwest Const. Corp.*, 474 F.Supp. 145 (N.D.Tex.1979).

■ The Plaintiffs argue that even though the Defendant is headquartered in the forum selected by the contract, it would be burdensome for the Plaintiffs to litigate there. However, the Supreme Court has said that the party attempting to show unreasonableness in litigating under a selection clause "should bear a heavy burden of proof." *The Bremen*, 407 U.S. at 17, 92 S.Ct. at 1917. To demonstrate unreasonableness, it must be shown that a "trial in the contractual forum will be so gravely difficult and inconvenient that [the party opposing transfer] will for all practical purposes be deprived of his day in court." *Id.*

at 18, 92 S.Ct. at 1917. Certainly, this is the most convenient forum for the Plaintiffs, and, indeed, they have shown they will be considerably inconvenienced if the transfer is granted. However, the Court is not persuaded it would be unreasonable or unjust for the Plaintiffs to pursue this action in Illinois. *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341 (3rd Cir.1966); *Full-Sight Contact Lens v. Soft Lenses, Inc.*, 466 F.Supp. 71 (S.D.N.Y. 1978); *Bense* and *Taylor, supra.*

■ The Plaintiffs do not suggest the inclusion of the clause was the result of fraud practiced by the Defendant, but do suggest that the clause is present as a result of the unequal bargaining position of the parties. They argue that the clause is contained in a "boiler-plate" contract, which was obviously not freely bargained for by the parties. This Court has previously stated that a form contract does not automatically amount to the overreaching proscribed by *The Bremen*. *Furry v. First National Monetary Corp.*, 602 F.Supp. 6 (W.D.Okla.1984); *Cf. Bense, supra.* There is no indication, or allegation, that unfair advantage was taken by the Defendant. In this regard, the Court notes that the Corporate Plaintiff was an established and experienced dealer in marine products prior to entering into a Deal Agreement with the Defendant, and the subject clause was a noticeable part of the contract. Consequently, the Court finds this argument unpersuasive.

■ The Plaintiff contends that this forum is better qualified to adjudicate Oklahoma claims than is the federal district court in Illinois. As these claims arise out of the relationship between the parties, they are also subject to the selection clause. This Court has stated that it is fully capable of applying another forum's law when necessary, and we see no reason why the federal courts of Illinois would be less capable. *Allison, Inc. v. Minikin Storage of Omaha, Inc.*, 436 F.Supp. 444, 446 (W.D.Okla.1977); *Streed v. The Pacesetter Corp.*, Civ. 83–1867 (W.D.Okla. Feb. 1, 1984).

In conclusion, the Court finds the venue selection clause is not unreasonable and unjust, or invalid due to fraud or over-reaching. Therefore, under 28 U.S.C. § 1406(a), the Court has the authority to transfer this action to the Northern District of Illinois or to dismiss for improper venue under Rule 12(b)(3), Fed.R.Civ.P.

This Court finds the interests of justice would be best served by a transfer rather than a dismissal and hereby orders this action transferred to the United States District Court for the Northern District of Illinois.