**UTAH PIZZA SERVICE, INC. and Bruce O. Palanske, Plaintiffs,**

v.

**Vicki N. HEIGEL, Executrix of the Estate of Fred J. Heigel, and Little Caesar Enterprises, Inc., Defendants.**

**Civ. No. 91–C–876B.**

United States District Court,
D. Utah, C.D.

Feb. 19, 1992.

R. Scott Rawlings, Salt Lake City, Utah, Gary M. Austerman, Wichita, Kan., for plaintiffs.

George M. Haley, Salt Lake City, Utah, Dennis F. Keller, Holland, Ohio, R. Brent Stephens, Salt Lake City, Utah, Barry M. Heller, Washington, D.C., for defendants.

## MEMORANDUM DECISION AND ORDER

BENSON, District Judge.

The Court has before it defendant Little Caesar Enterprises, Inc.'s Motion to Transfer Venue. The motion is opposed by plaintiffs Utah Pizza Service, Inc. and Bruce O. Palanske, and defendant Vicki N. Heigel.

## BACKGROUND

Defendant Little Caesar Enterprises, a Michigan corporation, is a national franchisor of Little Caesar Restaurants. Plaintiff Utah Pizza Service, Inc., a Utah corporation, is a franchisee of Little Caesar, operating approximately 41 Little Caesar Restaurants in Utah and Wyoming. Plaintiff Bruce Palanske is the chief operating officer of Utah Pizza Service, and owner of 26% of Utah Pizza Service stock. Defendant Vicki N. Heigel is the executrix of the estate of Fred J. Heigel, which owns 74% of Utah Pizza Service stock.

Each of the 41 franchise operations is governed by a contract between Utah Pizza Service and Little Caesar Enterprises known as the Franchise Agreement. This suit is based on a dispute over whether the Franchise Agreements give Little Caesar Enterprises a right of first refusal to purchase shares of stock transferred between Utah Pizza Service shareholders. Utah Pizza Service filed this diversity action, seeking a declaratory judgment that Little Caesar Enterprises has no right to interfere in the transfer of stock between Utah Pizza Service shareholders.

Little Caesar Enterprises responded to the suit by filing the present motion to transfer venue to the Eastern District of Michigan. This motion was opposed by the two plaintiffs as well as by defendant Vicki N. Heigel.

## DISCUSSION

Plaintiffs have chosen to pursue their claim in the District of Utah. Generally, the plaintiff's choice of forum is given great deference. The party seeking to transfer venue must overcome the presumption in favor of the plaintiff's chosen forum. This burden is significant. "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

Little Caesar Enterprises argues that the case should be transferred to Michigan because (1) the franchise agreements contain a "forum selection clause" which requires the litigation to be conducted in Michigan, and (2) the convenience factors of 28 U.S.C. § 1404(a) favor transferring the case to Michigan.

### 1. *The Forum Selection Clause*

Nineteen of the forty-one Franchise Agreements between Little Caesar Enterprises and Utah Pizza Service contain the following forum selection clause:

The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State

of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan.

Little Caesar Enterprises argues that this clause alters the presumption in favor of the plaintiffs' chosen forum. Regardless where plaintiffs chose to file suit, it is argued, they are obligated under the terms of the forum selection clause to conduct the litigation in Michigan.

■ A valid forum selection clause may supersede the presumption in favor of the plaintiff's choice of forum. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). If the parties have previously agreed that litigation shall be conducted in a particular forum, there is a strong presumption favoring venue in that forum. *See The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute*, —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). A party is obligated to abide by its contractual duties, and litigate in the agreed-upon forum.

■ Litigation may not be conducted outside of the designated forum without meeting a "heavy burden of proof" of unfairness or inconvenience. *The Bremen*, 407 U.S. at 17, 92 S.Ct. at 1917; *Shute*, 111 S.Ct. at 1528. "[T]he venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d at 573.

■ A forum selection clause, however, will not alter the presumption in favor of the plaintiff unless the clause requires that the litigation be conducted only in the agreed-upon forum. That is, the clause must be *mandatory* rather than *permissive*. A mandatory forum selection clause requires that all litigation between the parties be conducted in the named forum and nowhere else.

A permissive clause, on the other hand, empowers the named forum with jurisdiction without making that jurisdiction exclusive. It allows for jurisdiction in the cho-

sen forum but does not prohibit litigation elsewhere.

A permissive forum selection clause will not alter the presumption in favor of the plaintiff's choice of forum. Thus, the key issue in this motion is whether the forum selection clause contained in the Franchise Agreements is mandatory or permissive.

■ Little Caesar Enterprises argues that the clause is mandatory. It maintains that the clause requires that all litigation between Little Caesar Enterprises and Utah Pizza Service be conducted in Michigan and nowhere else. Plaintiffs, on the other hand, argue that the clause is permissive. They argue that although the clause grants jurisdiction in Michigan, it fails to make it exclusive jurisdiction and does not prohibit jurisdiction elsewhere.

■ Numerous courts have held that forum selection clauses which give a court jurisdiction without clearly making that jurisdiction exclusive are permissive rather than mandatory. The mere granting of jurisdiction is insufficient to make a clause mandatory. Additional language giving exclusive jurisdiction to the forum is required. Clauses which merely grant jurisdiction to a designated forum do not prohibit litigation in other appropriate fora. *See e.g. Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987); *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1231–32 (11th Cir. 1985); *Kachal, Inc. v. Menzie*, 738 F.Supp. 371, 373–74 (D.Nev.1990); *Credit Alliance Corp. v. Crook*, 567 F.Supp. 1462, 1464–65 (S.D.N.Y.1983); and *Coface v. Optique Du Monde, Ltd.*, 521 F.Supp. 500, 506–07 (S.D.N.Y.1980).

Clauses in which a party agrees to "submit" to jurisdiction are not necessarily mandatory. Such language means that the party agrees to be subject to that forum's jurisdiction if sued there. It does not prevent the party from bringing suit in another forum. *See Keaty v. Freeport Indone-*

*sia, Inc.*, 503 F.2d 955, 956–57 (5th Cir. 1974); *Sall v. G.H. Miller & Co.*, 612 F.Supp. 1499, 1501 (D.Colo.1985); and *Webb Research Corp. v. Rockland Industries, Inc.*, 580 F.Supp. 990, 993 (E.D.Penn.1983). *But see Central Coal Co. v. Phibro Energy, Inc.*, 685 F.Supp. 595 (W.D.Va.1988); and *Furry v. First National Monetary Corp.*, 602 F.Supp. 6 (W.D.Okla.1984) (discussed below).

A mandatory clause contains clear language showing that jurisdiction is appropriate in the designated forum and none other. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d at 77–78; *Kachal, Inc. v. Menzie*, 738 F.Supp. at 373–74. ("Mandatory forum selection clauses contain language such as 'exclusive' or 'only'. The language mandates that the designated courts are the only ones which have jurisdiction.")

This court finds that the forum selection clause contained in the Franchise Agreements of Little Caesar Enterprises and Utah Pizza Service is permissive. The plain language of the clause reveals that it was intended to give Little Caesar Enterprises the right to bring suit in Michigan. Nothing in the provision indicates an intent to prohibit litigation elsewhere. In agreeing to the clause, Utah Pizza Service acknowledged that Michigan has jurisdiction over litigation between Utah Pizza Service and Little Caesar Enterprises, and agreed not to contest jurisdiction or venue if sued in Michigan. A fair reading of the clause, however, does not reveal that Utah Pizza Service gave up its right to bring suit elsewhere.

The clause grants jurisdiction to Michigan, but lacks the additional language necessary to make that jurisdiction exclusive. If the parties had desired to prohibit all litigation outside of Michigan, they could have easily worded the clause to reflect this desire. Mandatory clauses contain language clearly requiring exclusive jurisdiction.[1]

---

1. Even if this clause were not found to be permissive, it is at best ambiguous. Ambiguities in contract provisions are to be construed against the drafter. *See Hunt Wesson Foods*, 817 F.2d at

78; *Lichnovsky v. Ziebart International Corp.*, 414 Mich. 228, 324 N.W.2d 732, 738 n. 20 (1982). Since Little Caesar Enterprises drafted the forum selection clause, the interpretation of the

Little Caesar Enterprises argues that an analysis of the precise language of the clause shows it to be mandatory. The forum selection clause contains three subclauses: (1) Utah Pizza Service stipulates that Michigan shall have personal jurisdiction over its person, (2) Utah Pizza Service agrees that it shall submit to such jurisdiction, and (3) Utah Pizza Service agrees that venue is proper in Michigan. Little Caesar Enterprises argues that the first subclause grants jurisdiction to Michigan, and the second subclause makes such jurisdiction mandatory. If the provision was intended to be permissive, there would be no need for the second subclause. The second subclause is repetitive of the first, unless it is interpreted as imposing exclusive jurisdiction in Michigan.

■ The court, however, is not persuaded by this argument. Little Caesar Enterprises' highly technical interpretation conflicts with a fair reading of the plain language of the contract. The first subclause gives Little Caesar Enterprises the right to bring suit in Michigan. The second and third subclauses prohibit Utah Pizza Service from contesting jurisdiction and venue in Michigan. They do not require Utah Pizza Service to bring suit there. A party attempting to restrict another's ability to bring suit to a single jurisdiction must do so with clear language. Little Caesar Enterprises's forum selection clause fails to do this.

Little Caesar Enterprises refers the court to *Furry v. First National Monetary Corp.*, 602 F.Supp. 6 (W.D.Okla.1984), where a somewhat similar forum selection clause was found to be mandatory. This case, however, fails to persuade the court that Little Caesar's forum selection clause is mandatory. First, the language of the clause in *Furry* differs from the clause in the Franchise Agreements in this case. In *Furry*, the parties agreed that Michigan was a "mutually" reasonable place for "any" trial. *Id.* at 8.

Furthermore, the *Furry* court held that the forum selection clause would fail its essential purpose if it were not found to be mandatory. The court found that the essential purpose of the clause was "to protect the corporate Defendant from having to litigate in distant forums all over the nation." *Id.* at 9.

In the present case, however, the essential purpose of the forum selection clause is not inconsistent with a finding that the clause is permissive. The purpose of the Little Caesar clause is different from the one in *Furry*. Its purpose is apparently to protect Little Caesar Enterprises by allowing it to bring suit in Michigan. The clause prevents franchisees sued by Little Caesar Enterprises in Michigan from contesting jurisdiction and venue. It enables Little Caesar Enterprises to sue all franchisees in Michigan regardless of the franchisees' contacts with the state of Michigan. This purpose is in harmony with a finding that the clause is permissive.[2]

Accordingly, the court finds that the forum selection clause in the Franchise Agreements is permissive. It allows for litigation in Michigan but does not require it.

### 2. The Convenience Factors of 28 U.S.C. § 1404(a)

■ Having determined that the forum selection clause is permissive, the presumption in favor of the plaintiffs' choice of forum remains. The court now examines whether Little Caesar Enterprises' showing

ambiguity should be resolved in favor of the plaintiffs. Thus, the clause would be construed as permissive. Little Caesar Enterprises may not prohibit litigation outside of Michigan without an unambiguous, mandatory forum selection clause.

**2.** Little Caesar Enterprises also refers to *Central Coal Co. v. Phibro Energy, Inc.*, 685 F.Supp. 595 (W.D.Va.1988) and *Sterling Forest Associates, Ltd. v. Barnett–Range Corp.*, 840 F.2d 249 (4th

Cir.1988) where the courts held that finding the forum selection clauses to be permissive would render them "meaningless and redundant." *Central Coal*, at 598; *Sterling Forest*, at 251. As discussed above, however, the forum selection clause in the present case has a valid purpose as a permissive clause. Finding the clause to be permissive will not cause it to become meaningless, redundant, or to fail in its apparent essential purpose.

of inconvenience under § 1404(a) is sufficient to rebut this presumption.

28 U.S.C. § 1404(a) states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This court has discretion whether to transfer venue under this section. Each motion should be considered "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization Inc. v. Ricoh Corp.* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). The court should not disturb the plaintiffs' choice of forum "[u]nless the balance is strongly in favor of the movant." *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662, 664 (10th Cir.1972).

Little Caesar Enterprises argues that transfer to Michigan is appropriate under § 1404(a) because it would be more convenient for the parties and witnesses. Six Little Caesar Enterprises employees are listed as potential witnesses. Each of these employees lives in Michigan, and would be forced to miss work and travel to Utah to testify. Furthermore, all of Little Caesar's documents relating to the litigation are located in Michigan. Thus, it is argued, Utah would be an inconvenient forum for litigation.

In addition, Little Caesar Enterprises points out that pursuant to the Franchise Agreements Michigan law will govern the litigation between the parties. The federal courts located in Michigan are presumably more familiar with Michigan law, and therefore better able to rule on such matters. Therefore, Little Caesar Enterprises argues, the interest of justice would best be served by transferring the case to Michigan.

The court finds, however, that Little Caesar Enterprises has failed to show sufficient inconvenience to warrant transfer of venue under § 1404(a). First, the convenience of the parties does not mandate transfer to Michigan. The alleged inconvenience to Little Caesar's employees and witnesses does not appear to be overly burdensome. Furthermore, although litigating in Utah may be inconvenient for Little Caesar Enterprises, all other parties in this action, including the other defendant, argue that Utah is a more convenient forum.

Second, the interests of non-party witnesses do not favor transfer to Michigan. The only potential non-party witness named by either party is Mr. John Wagoner. He has filed an affidavit stating that it would not be inconvenient for him to appear as a witness in Utah. Third, the documents relating to this litigation do not appear to be overly voluminous. It would not be unduly burdensome to transport them to Utah.

It is true that Michigan law will govern this litigation. That factor, by itself, however, does not mandate transfer of venue to the federal courts located in Michigan. There is no indication that the law to be applied to this contract dispute is complicated or unique to Michigan law.

Accordingly, the court finds that Little Caesar Enterprises has failed to make the strong showing necessary for transfer of venue. It would not be unduly burdensome to litigate in Utah.

Based on the foregoing, the court concludes that Little Caesar Enterprises has not overcome the presumption in favor of venue in the plaintiffs' choice of forum. The forum selection clause is merely permissive, and Little Caesar Enterprises' showing of inconvenience is insufficient to warrant transfer of venue under § 1404(a). Accordingly, defendant Little Caesar Enterprises's Motion to Transfer Venue is DENIED.

IT IS SO ORDERED.