Rahim BAKHSH, Appellant,

v.

JACRRC ENTERPRISES, INC., and
Eugene Ryan, Appellees.

No. 84702.

Court of Appeals of Oklahoma,
Division No. 2.

Feb. 28, 1995.

Rehearing Denied April 17, 1995.

Brian E. Duke, White & Duke, P.A., Tulsa,
for appellant.

Sandra G. Jarvis, Doyle & Salisbury, Tulsa, for appellees.

*MEMORANDUM OPINION*

TAYLOR, Presiding Judge.

Plaintiff, Rahim Bakhsh, seeks review of the trial court's order sustaining a motion to dismiss Bakhsh's petition by Defendants, JACRRC Enterprises, Inc., and Eugene Ryan (collectively, JACRRC), for lack of jurisdiction. Bakhsh brings this appeal under the accelerated procedures of Civil Appellate Procedure Rule 1.203(A), 12 O.S. Supp.1994, ch. 15, app. 2. On review of the record and the applicable law, we affirm.

The essential and undisputed facts are that Bakhsh entered into a Franchise Agreement with JACRRC Enterprises, Inc., on June 30, 1992. JACRRC is incorporated under the laws of Texas and does business in Oklahoma as JANI–KING. JANI–KING operates and franchises professional cleaning and maintenance services for commercial, industrial, institutional, and residential customers. The Agreement provided that Bakhsh's territory included Tulsa County and a surrounding fifty-mile radius.

The Agreement also contained a forum selection clause, which stated, in capital letters:

THE PARTIES AGREE AND INTEND THIS INSTRUMENT TO BE EXECUTED AS A TEXAS AGREEMENT, AND TO BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. JURISDICTION AND VENUE IS PROPERLY DECLARED TO BE IN DALLAS COUNTY, TEXAS.

On June 28, 1994, Bakhsh filed a petition in the District Court of Tulsa County, Oklahoma, seeking rescission of the Agreement, compensatory damages, punitive damages for fraud, and injunctive relief for violations of the Oklahoma Business Opportunity Sales Act, 71 O.S.1991 §§ 801 through 828. JACRRC responded with a motion to dismiss Bakhsh's petition, asserting that the forum selection clause of the Agreement provided that jurisdiction and venue would be in Dallas County, Texas, and that the clause was valid and enforceable. Bakhsh, on September 7, 1994, filed his response to the motion to dismiss alleging that the forum selection clause was unenforceable due to unequal bargaining power of the parties, and that it would be "seriously inconvenient" for him to litigate in Dallas.

The trial court entered an order on November 2, 1994, sustaining JACRRC's motion to dismiss, finding that the forum selection clause was valid and enforceable and that the trial court therefore lacked subject matter jurisdiction and venue. Bakhsh appeals, contending: (1) the trial court abused its discretion in dismissing the action; (2) the forum selection clause was not freely bargained for; (3) the chosen forum was "seriously inconvenient" for the trial of this action; and (4) constitutional considerations require the case to be heard in an Oklahoma court.

■ Addressing the last proposition of error first, we find that Bakhsh's reliance on *Yery v. Yery,* 629 P.2d 357 (Okla.1981), is misplaced. The facts in this case are distinguishable from the facts in *Yery.* Bakhsh agreed by the terms of his franchise contract to jurisdiction and venue in Dallas, Texas. In this case, there is no need to make a

factual determination regarding the test of reasonableness including that test now described as the minimum contacts standard required by *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), and its progeny.

The Oklahoma Supreme Court has not previously considered the enforceability of a contractual forum selection clause. We note, however, that the majority of jurisdictions are consistent with the approach of the Restatement (Second) of Conflict of Laws § 187 (Supp.1989), which reflects a strong policy favoring enforcement of such clauses.

■ Parties to a contract may choose the jurisdiction in which all actions arising from their transaction shall be heard. The forum selected by the parties must bear a reasonable relationship to the transaction and the contract must not have been entered into by fraud or duress. *Janko v. Outboard Marine Corp.,* 605 F.Supp. 51 (W.D.Okla. 1985); *Furry v. First Nat'l Monetary Corp.,* 602 F.Supp. 6 (W.D.Okla.1984).

■ The party who brings suit in a forum other than the selected forum should bear the burden of persuading the court that enforcement of the forum clause would be unfair or unreasonable. To demonstrate the unreasonableness of a forum selection clause, it must be shown that trial in the contractual forum will be so gravely difficult and inconvenient that a party opposing transfer will, for all practical purposes, be deprived of his day in court.

We find the forum selection clause fair and reasonable. The forum selected is the home office of JACRRC and the state of incorporation, and thus has a reasonable relationship to the transaction that is at issue in the suit.

Accordingly, the order of the trial court sustaining JACRRC's motion to dismiss Bakhsh's petition for lack of jurisdiction, based on a valid forum selection clause, is affirmed.

AFFIRMED.

BOUDREAU and REIF, JJ., concur.