2002 OK CIV APP 117

**Loyd ADAMS, sole proprietor, d/b/a Loyd's of Kern Painting, Plaintiff/Appellant,**

v.

**BAY, LTD., Defendant/Appellee.**

**No. 97,539.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 26, 2002.

Rehearing Denied Aug. 23, 2002.

Certiorari Denied Nov. 19, 2002.

Michael R. Warkentin, Norman, OK, for Plaintiff/Appellant.

Gary C. Rawlinson, John H. Sparks, Norman, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge:

¶1 Loyd Adams d/b/a Loyd's of Kern Painting, Plaintiff/Appellant, seeks review of an order granting Bay, Ltd., Defendant/Appellee's motion to dismiss. The trial court dismissed Appellant's action, based on a forum selection clause contained in a "Master Service Agreement" (contract) between the parties. That clause provided that Nueces County, Texas would have venue for any dispute between the parties.

¶2 Appellant is a sole proprietor whose place of business is in McClain County, Oklahoma. Appellant was hired by another contractor, Bay, Ltd., to perform services and provide labor and material on a construction project in Abernathy, Texas. Bay, Ltd.'s place of business is Corpus Christi, Texas, which is in Nueces County. When the construction project was completed Appellant demanded payment, but Appellee refused to pay claiming there were deficiencies in the work done. Appellant brought this action in McClain County, Oklahoma to obtain payment.

¶3 Appellee filed a motion to dismiss and alleged that pursuant to their contract the parties had pre-selected the forum. The pertinent contract clause provides:

(29) VENUE AND INTERPRETATION Venue for any dispute between BAY and SUBCONTRACTOR [Appellant] shall lie exclusively within Nueces County and the provisions of this Agreement shall be interpreted under the laws of the State of Texas. Provisions of this Agreement shall not be interpreted for or against either party based upon the identity of the author.

Appellee also stated it had filed its own action against Appellant in Nueces County, Texas over a different construction project but governed by the same contract.

¶4 In objecting to the motion to dismiss, Appellant alleged the contract was outdated and had expired; it was a contract of adhesion which was not negotiated; under Texas law the proper forum was the county where the work was performed or a lien could be filed; Appellee maintains an office in Tulsa, Oklahoma; and it would be a hardship for Appellant to press this claim in Nueces County, Texas. After a hearing, the trial court granted Appellee's motion to dismiss and in its order stated "the forum selection clause in the Master Service Agreement is enforceable and this case should be dismissed." The issues before us are whether the contract's forum selection clause was enforceable and, if not, is venue proper in McClain County, Oklahoma.

¶5 The United States Supreme Court has acknowledged that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether. *National Equipment Rental, Limited v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). A forum selection clause acts as a stipulation wherein the parties ask the court to give effect to their agreement by declining to exercise its jurisdiction. Absent compelling reasons otherwise, forum selection clauses are enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622, (1991). See also *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972) (party resisting the forum selection clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching").

¶6 The issue of the validity of forum selection clauses has not been specifically decided by the Oklahoma Supreme Court. However, *Eads v. Woodmen of the World Insurance*, 1989 OK CIV APP 19, 785 P.2d 328, 330–31, contains an historical discussion of forum selection clauses. It traces the evolution from earlier courts' disapproval of forum selection clauses, which purported to exclude jurisdiction of certain courts, to the law's current status. The majority of modern jurisdictions now follow the rule that "[f]orum selection clauses are *prima facie* valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case." *Id.* at 330, quoting *Furry v. First National Monetary Corp.*, 602 F.Supp. 6, 8 (W.D.Okla.1984). *Eads* points out that the present trend is to apply a 'reasonableness' test in determining whether to enforce such a clause. *Id.* at 331, citing *Volkswagenwerk, A.G. v. Klippan, GmbH*, 611 P.2d 498, 503 (Alaska 1980). If a con-

tract was not negotiated by the parties, or is the result of overreaching or of the unfair use of unequal bargaining power, or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the action, it may be found invalid. *Id.* at 331, citing *Colonial Leasing Co. v. Pugh Bros. Garage,* 735 F.2d 380, 382 (9th Cir.1984) and *Restatement (Second) of Conflicts* § 80 *Comment a.* A "form" contract may be evidence of unfair advantage of one party over the other. *Eads*, at 331, citing *Janko v. Outboard Marine Corp.,* 605 F.Supp. 51, 52 (W.D.Okla.1985).

■ ¶ 7 A party who brings suit in a forum other than the selected forum bears the burden of persuading the court that enforcement of the forum clause would be unfair or unreasonable. *The Bremen v. Zapata Off-Shore Co., supra.* Appellant's affidavit asserts that no bargaining or negotiating occurred concerning the choice of forum provision. However, Appellant worked on several construction jobs for Appellee, some in Texas, and has continued employment with Appellee under the same Agreement. Appellant must show that having trial in the forum selected in the contract will be so gravely difficult and inconvenient that he will be effectively deprived of his day in court. This he has not done.

■ ¶ 8 The forum selected, Nueces County, Texas, is the home county of Appellee and has a reasonable relationship to the transaction at issue. Further, while Appellant contends he would be seriously inconvenienced by litigating any action in Texas, there is no dispute in the record that Appellant spent lengthy periods of time in Texas completing this job and other jobs. Appellant agreed by the terms of the contract to jurisdiction and venue in Texas. The forum selection clause is not shown to be either unfair or unreasonable. See, *Bakhsh, v. Jacrrc Enterprises, Inc.,* 1995 OK CIV APP 40, 895 P.2d 746, 747. The order of dismissal is affirmed.

¶ 9 AFFIRMED.

HANSEN, P.J., and ADAMS, J., concur.