HAROLD RICKLES, Appellant, v. KENNETH M. JOHNSON, Respondent.—

It appears that the defendant had moved at Special Term for change of venue to Wayne County upon the ground, among others, that the parties did not reside in the County of Bronx and that such county was not a proper county for the trial of the action. This motion was denied by Special Term by order entered November 12, 1959 and such order was not appealed from. Under the circumstances here present, the Special Term order should have been respected as law of the case by the Judge presiding at Trial Term when the case was reached for trial. (*Schober* v. *Fifth Ave. Coach Co.,* 110 App Div. 921; also, see, *Field* v. *Public Administrator,* 10 A D 2d 97, 98; *Steinberg* v. *Altschuler,* 9 A D 2d 211, 213; *Friedman* v. *Salvati,* 11 A D 2d 104, 106.) There being no supportable claim of perjury or fraud on part of plaintiff in defeating the prior motion, as would have been tantamount to an imposition upon the court, it was improper for the Trial Judge upon his own motion to reconsider the venue question, and as he put it, "look into the matter *de novo* * * * have some sort of preliminary hearing", and thereupon change the venue to Wayne County upon the ground that the plaintiff was not in fact a bona fide resident of Bronx County at the time of the institution of the action. Concur — Botein, P. J., Valente, Stevens and Eager, JJ.; Steuer, J., concurs in the result in the following memorandum: I concur in the result stated in the memorandum opinion but there are certain significant differences in arriving at that result which necessitate a statement of the grounds of decision. The Trial Term Judge had a complete right to conduct the hearing that he did. Circumstances coming to his attention led him to the belief that the court had been imposed upon in the Special Term application for a change of venue. Had this been true, he was within his rights and in the performance of his duty to make whatever disposition the facts called for; and conducting the hearing was a proper method of ascertaining the facts. However, all that appeared in the hearing were the same facts that had been submitted to the Justice at Special Term from which the latter drew the conclusion that a change of venue was not warranted. The Trial Judge drew an opposite conclusion. There was, therefore, no showing of an imposition but merely that contrary inferences could be drawn from the same facts. The cited cases in the majority opinion show that the Trial Judge was not at liberty to make a decision based upon an inference different from that drawn by Special Term. Hence, although it was proper to conduct the proceeding, the evidence produced at it did not warrant the result or the action taken. By this it is not meant to indicate that the inference drawn by the trial court was incorrect and that the plaintiff was in fact a bona fide resident, but merely that, in the absence of false testimony upon that issue, the conclusion reached at Special Term was not subject to review in Trial Term. Settle order on notice.