UNITED STATES of America for the Use and Benefit of FIREMAN'S FUND INSURANCE CO., Plaintiff,

v.

FRANK BRISCOE COMPANY, INC., and Travelers Indemnity Company, Defendants.

Civ. A. No. 78–332.

United States District Court, E. D. Louisiana.

Nov. 14, 1978.

Charles W. Franklin, Baton Rouge, La., for plaintiff.

Roy C. Cheatwood, New Orleans, La., for defendants.

CASSIBRY, District Judge.

This case involves the 250-bed Naval hospital recently built in New Orleans. Fireman's Fund claims that it is assignee of all rights of a subcontractor, Pierce-King. The defendants are the general contractor, Frank Briscoe Co., and its surety, Travelers Indemnity Co. Plaintiff brings four claims: a claim against the general contractor and its surety under the Miller Act, 40 U.S.C. §§ 270a–270d; a claim against Briscoe for breach of contract; a claim for reformation of the subcontract between Briscoe and Pierce-King; a claim for quantum meruit from Briscoe.

Currently before the court are alternative motions of defendants to dismiss or transfer for improper venue, to stay pending exhaustion of administrative remedies, and to dismiss for failure to state a claim upon which relief may be granted. For the reasons stated below, I have concluded that

this case should be transferred. No ruling will be made on the other motions.

The subcontract between Briscoe and Pierce-King provides:

> If the Sub-contractor shall institute any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action shall be laid in the County of Essex and State of New Jersey.

Section 270b(b) of the Miller Act reads:

> Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere    .   .   .

■ Plaintiff claims that the statute is a mandatory jurisdictional directive that cannot be altered by contract. The case of *Texas Construction Co. v. United States*, 236 F.2d 138 (5th Cir. 1956) stands in its way. That case squarely holds that this Miller Act provision exists for the benefit of defendants and can be waived by defendants. The court in *Texas Construction* considered § 270b(b) to be a venue provision. *See also Electronic & Missile Facilities, Inc. v. United States*, 306 F.2d 554, 556 (5th Cir. 1962). Other panels of the Fifth Circuit have taken a broader view, but the holding of *Texas Construction* remains undisturbed. For example, in *Autrey v. Williams and Dunlap*, 343 F.2d 730 (5th Cir. 1965), the court held that § 270b(b) granted jurisdiction to the district court. It harmonized *Texas Construction* by noting with approval that "[i]t has been suggested that it is appropriate to construe [270b(b)] as conferring both jurisdiction on the United States district courts and venue in the district in which the contract is to be performed." 343 F.2d at 735.

■ The Miller Act thus does not prevent my giving effect to the contractual provision specifying venue in New Jersey. I

consider it appropriate to do so. The provision appears to have been voluntarily reached. It represents a bargained-for arrangement between two commercially strong contracting parties. *See A. C. Miller Concrete Products Corp. v. Quikset Vault Sales Corp.*, 309 F.Supp. 1094 (E.D.Pa.1970).

■ Accordingly, I treat this mutual agreement between Briscoe and Pierce-King as a very strong factor pointing toward transfer of the case to New Jersey under 28 U.S.C. § 1404(a).[1] In addition, Briscoe has its principal place of business there. Thus many of its witnesses and most of its documents will be located in New Jersey. Considering these circumstances, I find transfer to New Jersey of plaintiff's claims against Briscoe to be proper.

■ Plaintiff counters that even if the contractual provision is treated as a valid waiver of the Miller Act venue requirement embodied in § 270b(b), only Briscoe entered into that contract—not its surety, Travelers Indemnity Co. A contractor's surety is not a party to the contract between the subcontractor and the contractor. *United States for and on Behalf of Portland Construction Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir. 1976).

■ Broadly speaking, however, the surety stands in the shoes of its principal. *See Houston Fire & Casualty Ins. Co. v. E. E. Cloer General Contractor*, 217 F.2d 906, 910 (5th Cir. 1954). Generally, the Miller Act surety of a general contractor is bound by the dealings between its principal and a subcontractor, even though the surety was not privy to those dealings.

■ The liability on a payment bond of the Miller Act surety of a general contractor is determined by reference to all agreements between the principal and persons supplying labor and materials to the construction project. Thus, in *United States*

---

1. I do not consider venue in the Eastern District of Louisiana to be "wrong," in the language of 28 U.S.C. § 1406(a). The Miller Act expressly permits venue here. If the factors set out in § 1404(a) did not call for transfer of the case, as I think they do, venue here would be proper.

*for the Benefit and on Behalf of Sherman v. Carter*, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957), the Supreme Court held the surety bound by the terms of a master labor agreement between the principal and its employees. Further, the surety generally stands in the shoes of its principal with regard to the overall course of dealing that has taken place between the principal and a subcontractor, even though the surety was not a party to this course of dealing. *United States ex rel. Westinghouse Electric v. James Stewart Co.*, 336 F.2d 777 (9th Cir. 1964). In the *James Stewart Co.* case, like this one, the Miller Act surety and its principal were sued "in solido." The court allowed the surety to stand in the shoes of its principal to assert estoppel based upon conduct solely between the principal and a subcontractor. *See also United States for the Use and Benefit of Bagnal Builders Supply Co. v. United States Fidelity & Guaranty Co.*, 411 F.Supp. 1333, 1336 (D.S. C.1976), in which the court, discussing the positions of the surety and its principal with respect to the subcontractor's Miller Act suit against them, stated that "the act of one was the act of the other."

■ In the instant case, a provision of the agreement between the general contractor and a subcontractor provided that "any suit or action for the enforcement of any of the obligations under this agreement" would be brought in New Jersey. The surety's liability to the subcontractor is grounded upon the general contractor's obligations under that agreement. According to the principles discussed above, the surety should have all the benefits and suffer all the disadvantages that would accrue to the general contractor under that agreement.

■ Of course, there may be an independent legal basis that prevents the surety of a general contractor from being bound by or able to take advantage of a provision in the agreement between its principal and a subcontractor. In *United States for and on Behalf of Portland Construction Co. v. Weiss Pollution Control Corp., supra,* the court refused to consider an arbitration provision in a subcontractor's agreement with

the general contractor effective in any respect as to the general contractor's surety, for the surety could not, under the law, participate in arbitration. 532 F.2d at 1012. No such independent legal barrier prevents Travelers here from being bound by a subcontract provision requiring venue in New Jersey. The surety, like its principal, could have waived the Miller Act venue in advance directly. Holding the surety to its principal's agreement to do so thus does not reach a proscribed result.

■ As with the claims against Briscoe, then, I consider the contractual provision a factor pointing toward transfer of the claim against Travelers to New Jersey under 28 U.S.C. § 1404(a). Much of Traveler's case with regard to the plaintiff will surely depend on Briscoe's witnesses and documents, thus this factor, too, suggests the transfer of the claim against Travelers. Most importantly, the interest of justice requires that the Miller Act claim against Travelers be tried in the same location as the Miller Act claim against Briscoe. These claims arise out of the same transaction. *See Continental Grain Co. v. The FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Moreover, these defendants have been sued "in solido."

Accordingly, this entire action will be transferred to the United States District Court that has jurisdiction over Essex County, New Jersey. This venue is proper as to both defendants; neither could have made a valid objection if plaintiff had brought this action there. Briscoe had agreed to New Jersey venue in its subcontract with the plaintiff's assignor. Travelers, standing in the shoes of its principal in this respect, would be bound by that agreement as well.