UNITED STATES ALUMINUM CORPO-
RATION, a California corporation,
Plaintiff-Appellant,

v.

KAWNEER CO., INC., a corporation,
Defendant-Appellee.

No. 81–5976.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1982.

Decided Dec. 7, 1982.

Joseph R. Evanns, Beverly Hills, Cal., argued, for plaintiff-appellant; Albert M. Herzig, Herzig & Walsh, Inc., Beverly Hills, Cal., on brief.

Clemens Hufmann, Chicago, Ill., argued, for defendant-appellee; George J. Netter, Kendrick, Netter & Bennett, Los Angeles, Cal., Philip Peterson, Chicago, Ill., John K. Uilkema, Naylor, Neal & Uilkema, San Francisco, Cal., on brief.

Before ANDERSON, FERGUSON, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

United States Aluminum Corp. (Aluminum) brought a declaratory judgment action against Kawneer Company to declare invalid patents Kawneer held for "mullions." The district court denied Aluminum's motion for preliminary injunction and granted Kawneer's motion to transfer the action to another district.

## I. FACTS

### A. Georgia Action

Kawneer Company filed a complaint alleging patent infringement by several defendants in the United States District Court for the Northern District of Georgia in December 1980. The complaint alleges *inter alia,* defendant Glass & Metal Erectors, Inc. infringed Kawneer's patents by assembling and selling construction elements, including ES400 and ES401 mullions manufactured by U.S. Aluminum Corp. in two buildings in Atlanta.

Kawneer is a Delaware corporation with its principal place of business in Niles, Michigan, and service centers in Los Angeles. Aluminum is a California corporation with places of business in Texas and Illinois which prevented it from being sued in Georgia. 28 U.S.C. § 1400(b) creates venue for patent infringement actions "where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." (emphasis added).

### B. California Action

Aluminum filed a declaratory judgment action against Kawneer in the United States District Court for the Central District of California in July 1981. Aluminum sought to declare the identical Kawneer patents invalid and noninfringed.

Kawneer filed a counterclaim alleging Aluminum's ES400 and ES401 construction elements infringed its patents and Aluminum sold the mullions to Glass & Metal Erectors for installation in Atlanta. In September 1981, Kawneer filed a motion to transfer the action pursuant to 28 U.S.C. § 1404(a), to the Northern District of Georgia.

Aluminum sought a preliminary injunction to restrain Kawneer from commencing or prosecuting any suit against any customer of Aluminum based on the two Kawneer patents. The district judge granted Kawneer's motion to transfer but denied Aluminum's motion for a preliminary injunction because it failed to show a sufficient basis. Aluminum brought this appeal following the denial of its motion to reconsider the transfer order.

## II. ISSUES

In this appeal, Aluminum questions the propriety of the denial of its motion for preliminary injunction. Aluminum also challenges the court's order to transfer the action to the Northern District of Georgia pursuant to Kawneer's 28 U.S.C. § 1404(a) motion. Kawneer argues this court can not review the transfer order because it is interlocutory and not within 28 U.S.C. § 1292(b).

## III. DISCUSSION

### A. Preliminary Injunction

 Aluminum first argues the district court erred in denying its motion for preliminary injunction. Our review is to determine if the trial court abused its discretion. *Miss Universe, Inc. v. Flesher,* 605 F.2d 1130, 1132–33 (9th Cir.1979). We find it did not. There is no support for Aluminum's argument the court gave an improper preference to the "patentee v. seller" action over the "manufacturer v. patentee" action nor that this was the basis for denying injunctive relief. Aluminum has failed to establish the presence of the criteria used to determine the propriety of a preliminary injunction. *Flesher,* 605 F.2d at 1333.

### B. Interlocutory Appeal

██ Kawneer questions the jurisdictional basis for this court to hear the transfer order. We agree the transfer order can not by itself be appealed under 28 U.S.C. § 1292. However, the scope of appellate review is confined to issues necessarily determined by the propriety of the interlocutory order—here, the denial of a preliminary injunction. Tied with that question then, we can review the grant or denial of a motion to transfer under 28 U.S.C. § 1404(a) and reverse only for an abuse of discretion. *See, Miskow v. Boeing Co.,* 664 F.2d 205, 207 (9th Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1717, 72 L.Ed.2d 138 (1982); 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* Jurisdiction § 3847 (1976).

Judge Waters heard argument on the preliminary injunction and transfer motions at the same time and made an oral disposition of both together. The court of appeals can review the "entire venue question [including a transfer order] as ancillary to the appeal from the disposition of a request for an injunction against a suit in another district." *Emerson Electric Co. v. Black and Decker Manuf. Co.,* 606 F.2d 234, 237 (8th Cir.1979); *Codex Corp. v. Milgo Electronic Corp.,* 553 F.2d 735, 737 (1st Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). *See also,* 9 Moore's Federal Practice ¶ 110.20[1] at n. 22.

### C. Transfer Order

The primary question in this appeal is the propriety of the district court's order transferring this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Aluminum argues the transfer infringes upon both the letter and spirit of the patent venue statute, 28 U.S.C. § 1400(b).

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it *might have been brought.*" (emphasis added). Venue for a patent infringement action is restricted and must be brought where the defendant resides, or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Aluminum argues the transfer of the declaratory relief action with Kawneer's counterclaim for patent infringement to Georgia, where it could not be sued for patent infringement, violates § 1404(a) since it could not have been brought originally into Georgia to defend a patent infringement claim.

██ Venue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b). *Black and Decker,* 606 F.2d at 238; *General Tire & Rubber Co. v. Watkins,* 326 F.2d 926 (4th Cir.), *cert. denied,* 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964).

██ Section 1391(b) provides in essence, venue is proper in the district where all defendants reside or in which the claim arose. Here, because the conduct in dispute is the shipment of Aluminum's mullions and their installation by Glass and Metal Erectors in Atlanta, venue does exist in the Northern District of Georgia, and the action is being transferred to where it "might have been brought."

The action being transferred is one for declaratory judgment and the mere action of transferring does not convert it into an action for infringement. *Black and Decker,* 606 F.2d at 239. Defendant Kawneer could have been sued in Georgia and therefore the district court had the power to order the transfer. *Hoffman v. Blaski,* 363 U.S. 335, 343–4, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254, 1261 (1960).

The facts of this case are more closely aligned with *Black and Decker* than with *Codex, supra,* 553 F.2d 735. Therefore, the normal rules of precedence among suits apply and not the special patent preference for a manufacturer's declaratory judgment action. The district court did not abuse its discretion in ordering transfer of this action.

We find Aluminum's other arguments to be without merit.

## IV. CONCLUSION

The denial of Aluminum's motion for a preliminary injunction and the granting of Kawneer's motion to transfer to the United States District Court for the Northern District of Georgia is accordingly

AFFIRMED.