**BRINDERSON–NEWBERG JOINT VENTURE, et al., Plaintiffs,**

v.

**PACIFIC ERECTORS, INC., et al., Defendants.**

**And Related Actions.**

**Nos. CV87–7448–PAR, CV–88–1282–PAR.**

United States District Court, C.D. California.

July 19, 1988.

John D. Alkire, Perkins Coie, Seattle, Wash., Stacy Allen, Perkins Coie, Los Angeles, Cal., for plaintiffs.

Arnold R. Hedeen, Ferguson & Burdell, Seattle, Wash., Donald McL. Davidson, Diana M. Dron, Monteleone & McCrory, Universal City, Cal., for defendant Pacific Erectors.

William I. Chertok, Marc B. Chassman, Phillips, Nizer, Benjamin, Krim & Ballon,

Los Angeles, Cal., for Hartford Acc. & Indem. Co.

## AMENDED MEMORANDUM OF DECISION AND ORDER

RYMER, District Judge.

The parties to this dispute are Pacific Erectors, Inc., and Hartford Accident & Indemnity Company (the "subcontractor") on one side, and Brinderson–Newberg Joint Venture, Brinderson Corporation, Brinderson Constructors, Inc., Gust K. Newberg Corporation, and Frank Loscavio (the "contractor") on the other. The various claims and counter-claims essentially arise from a dispute over the amount of work and type of work that the subcontractor agreed to perform for the contractor in a project for the Navy at the Puget Sound Naval Shipyard in Bremerton, Washington. Subcontractor moves for consolidation of the two actions currently before this court, and also for transfer of these actions to the United States District Court for the Western District of Washington.[1]

In the earlier of the two actions (CV 88–1282) subcontractor was plaintiff; it was originally brought in the United States District Court for the Western District of Washington. Subcontractor alleges fraud, negligent misrepresentation, unfair business practice (pursuant to a Washington statute), and violation of the Racketeering Influenced and Corrupt Organizations Act (RICO); jurisdiction is pursuant to diversity and 18 U.S.C. § 1965. The First Amended Complaint names Brinderson Corporation, Brinderson Constructors Inc., and Frank Loscavio as defendants.

The contractor (Brinderson–Newberg Joint Venture, Brinderson Corporation, and Gust K. Newberg, but not Frank Loscavio) brought the other action (CV 87–7448) that is before this court. It alleges breach of contract, breach of the covenant of good faith and fair dealing, and unfair settlement practices; jurisdiction is pursuant to diversity. It names Pacific Erectors, Inc. and the Hartford Accident and Indemnity Company as defendant. Subcontractor in turn brings counterclaims for breach of the covenant of good faith and fair dealing, fraud, and negligent misrepresentation.

The first action was filed on August 28, 1987 in the United States District Court for the Western District of Washington. On January 22, 1988 the Honorable Carolyn Dimmick, United States District Judge, transferred this action to this district. She based her decision on the forum selection clause contained in the contract. It states:

> Article 22. Governing law—Except as provided in the General Contract as incorporated herein, this subcontract shall be interpreted and governed substantively and procedurally, including periods for limitations of actions, by the law of the State of California, and the situs of any suit which may be brought by or against Contractor or its surety shall be the County of Orange, State of California. Rotter Decl., Exhibit 1 at 8.

Judge Dimmick held that the subcontractor—plaintiff in this action—was collaterally estopped from denying the validity of this clause by a prior ruling in the Washington state courts.

Her order succinctly summarizes the nature and scope of this prior ruling as follows:

> Plaintiff Pacific [the subcontractor] brought an action in Kitsap County Superior against BNJV and Brinderson Corporation. On October 27, 1987 Judge Kruse of the Kitsap County Superior Court, after briefs and oral arguments were presented, entered an order dismissing the suit without prejudice. Judge Kruse found that the contract was entered into by two sophisticated parties, that California law controlled, that the forum selection clause was not "unfair, unreasonable, unduly oppressive or results in substantial injustice." Trial

---

1. The action originally filed in this court, CV 87–7448, was first assigned to the Honorable Irving Hill. The other action, CV 88–1282, was assigned to the Honorable Harry Hupp after it was transferred from Washington. Senior Judge Hill returned the suit before him to the "wheel" after he learned that the action before Judge Hupp would also be assigned to him. Both were then assigned to my calendar according to the applicable rules of this court.

Transcript at 46. Judge Kruse found that the proper forum for this suit is California.

Rotter Decl., Exhibit 9 at 230 (January 1988 Order at 2).

Subcontractor tried to distinguish the instant action (CV 88–1282) from the state court case by noting that it involved different defendants and different claims. Judge Dimmick concluded that both the parties and the claims in the two suits were essentially the same and granted issue preclusive effect to Judge Kruse's ruling. She also reaffirmed Judge Kruse's ruling that the clause was not part of an adhesion contract and had been open to negotiation.

Thus, the law of the case in these actions establishes the following propositions: 1) California law applies to all the diversity claims; 2) the forum selection clause placing the situs of any suits in Orange County, California is valid and enforceable; 3) the tort claims alleged in the first action (CV 88–1282) ultimately derive from the duties of the parties under the contract. With these propositions established, the court now deals with subcontractor's motions.[2]

*Motion to Transfer*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In a motion to transfer under § 1404(a) the burden is on defendant to justify the transfer of the case. *Los Angeles Memorial Coliseum Comm. v. Nat'l Football League,* 89 F.R.D. 497, 499 (C.D.Cal.1981). It is not enough that defendant would prefer another forum or that the claim could have been brought elsewhere. Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3848 (1986). The three factors mentioned in the statute are broad, *Id.* § 3847, and the decision to transfer is left to the discretion of the trial judge. *United States Aluminum Corp. v.*

*Kawneer Co.,* 694 F.2d 193, 195 (9th Cir. 1982). This decision rests on the facts of each case. *Starnes v. McGuire,* 512 F.2d 918, 925 (D.C.Cir.1974).

The parties disagree over the impact that the forum-selection clause and Judge Dimmick's transfer to this district should have on the standard analysis. Contractor argues that either one of these interrelated issues dispositively determines that this court is the proper forum for both suits. Subcontractor contends that the requirements of the forum selection clause were satisfied once the actions are pending in this district, and therefore its effect is discharged. Under this view, the court should ignore the clause and the prior ruling in conducting the § 1404(a) analysis.

1. Law of the Case

Once a court has transferred a case, the transferee court will usually accept that decision as the law of the case unless there are "impelling and unusual circumstances" not to do so. *United States of America v. Koenig,* 290 F.2d 166, 173 n. 11 (5th Cir. 1961) (Wisdom, J.); 1B Moore Federal Practice ¶ 0.404[8]; Wright, Miller & Cooper, Jurisdiction 2d § 3846 at 360. The main cause for a transferee court to remand the transfer is if it does not have either proper venue for the action or personal jurisdiction over the defendant. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1963). Subcontractor does not assert that either venue or jurisdiction are improper in this district.

Subcontractor does contend that Judge Dimmick's order never reached the § 1404(a) issue and therefore should not affect this court's analysis: "Like Judge Kruse, Judge Dimmick did not decide whether transfer was appropriate [under] 28 U.S.C. 1404(a).... The forum selection clause is now satisfied; venue has been controlled in the first instance and it is appropriate to consider transfer." Reply at 16–17. According to subcontractor, her

---

**2.** The rulings of Judge Dimmick and Judge Kruse are not directly the law of the case in the second action (CV 87–7448). However, given that this action is brought even more clearly under the contract than the first, I see no reason not to adopt the well reasoned findings of the prior rulings in the second action as well.

order merely enforces the forum selection clause, which in turn merely requires that subcontractor's suit be *filed* in California. Now that it is here, this court is free to consider the § 1404(a) question without reference to her order. Subcontractor thus distinguishes transfers pursuant to a forum selection clause from other types of transfers that presumptively become the law of the case.[3]

Subcontractor cites no authority that ignores a forum selection clause in a § 1404(a) analysis. No case adopts plaintiff's position that the clause merely determines where the action must originally be brought rather than where it should remain. Common sense is also against subcontractor's view: when parties negotiate for a forum-selection clause their purpose obviously is to nail down where the action will be tried, not where it is initially filed. Accordingly, Judge Dimmick's transfer, under either § 1404(a) or § 1406(b), pursuant to Article 22 of the parties' contract, determines where this action should be maintained. Contrary to subcontractor's assertion, it therefore has had its day in court on its § 1404(a) arguments.

Sound considerations of judicial economy support this interpretation as well. Many commentators have noted that the limited equity which § 1404(a) may dispense is often bought at a heavy price in both delay in reaching the merits of the case and in diversion of scarce judicial resources. *See, e.g.,* Wright, Miller & Cooper, Jurisdiction 2d § 3841 n. 6. Accordingly transfers pursuant to a forum-selection clause the strong presumption of validity given other transfers lessens the possibility of interminable wrangles over this issue. It also lessens the possibility of an unseemly

"ping-pong" game of re-transferring between the district courts that ultimately an appellate court must resolve. *Cf., Hoffman v. Blaski,* 363 U.S. at 348, 80 S.Ct. at 1092 (Frankfurter, J. dissenting) (stating that federal courts should avoid practices that forestall a final decision on pre-trial matters; the transferee court should thus never remand the transfer order).

Subcontractor, however, argues that the United States District Court for the Western District of Washington merely gave res judicata effect to Judge Kruse's order, and that Judge Kruse explicitly stated, "It is not my province to determine whether or not a court in the State of California may send it back to the state of Washington." In these unique circumstances the decision of the District Court in Washington arguably might not preclude this court from remanding the action back to Washington. Yet subcontractor opposed the motion to transfer in Washington with the same arguments—cost of a California forum, convenience of the witnesses, lack of ties between this forum to the nexus of the dispute—that it now advances in support of the instant motion. Rotter Decl., Exhibits 8 & 9. Since Judge Dimmick did not find these arguments persuasive enough to defeat the motion on which contractor bore the burden of persuasion, there is no reason they should prevail now when it is subcontractor that carries the burden. In any event, subcontractor's motion should be denied even if it were to be considered anew.

### 2. Effect of Forum–Selection Clause

■ In general, federal courts accord forum selection clauses *prima facie* validity.

---

**3.** Judge Dimmick's order does not explicitly state whether she transferred this action pursuant to § 1404(a) or—as contractor argues —§ 1406(a). The latter section applies when the transferor court does not have proper venue. Courts are split over which provision applies when the transfer is pursuant to a forum selection clause. *See, e.g., Hoffman v. Burroughs,* 571 F.Supp. 545, 550–51 (N.D.Tex.1982) (summarizing case authority and arguments on both sides of issue; holding that § 1406(a) applies). This distinction in general has spawned a "nearly hopeless muddle of conflicting reason-

ing and precedent." *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1106 (5th Cir.1981); Wright, Miller & Cooper, Jurisdiction 2d § 3827 at 264, § 3847 n. 10. Fortunately, however, this debate has little impact on these actions because the major practical difference between the two provisions in a diversity case is the choice of law question. *Hoffman,* 571 F.Supp. at 550. Since the law of the case already establishes in these actions that California law applies, the court sees no need to establish which provision governed the transfer of the action.

*M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (admiralty case); *Kline v. Kawai America Corp.*, 498 F.Supp. 868, 871 n. 1 (D.Minn. 1980) (stating that *Bremen* also applies in non-admiralty cases). The effect of a forum-selection clause is a question of federal law even in diversity cases. *Hoffman v. Burroughs Corp.*, 571 F.Supp. 545, 548 (N.D.Tex.1982). *Bremen* itself, however, does not discuss the relevancy of forum-selection clauses to § 1404(a) and there is not a consensus among the federal courts on what its relevancy should be. Two schools of thought exist concerning how the *Bremen* rule should apply to § 1404(a) motions. In *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3rd Cir.1973) the court stated (technically in dicta) that "the existence of a valid forum-selection clause whose enforcement is not unreasonable does not necessarily prevent the selected forum from ordering a transfer of the case under § 1404(a)." While the clause may prevent the moving party from asserting its own convenience as a reason to transfer, the convenience of the witnesses and the interests of justice are still factors that the court may consider. *Id.* Other courts have followed this approach. *See, Upjohn Co. v. General Accident Insurance Co. of America*, 581 F.Supp. 432 (D.D.C.1984); *Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131 (S.D.N.Y.1983); *Essex Crane Rental v. Vic Kirsch Const. Co.*, 486 F.Supp. 529, 539 (S.D.N.Y.1980); *Meineke Discount Muffler Shops, Inc. v. Feldman*, 480 F.Supp. 1307 (S.D.Tex.1979); *Full–Sight Contact Lens v. Soft Lenses, Inc.*, 466 F.Supp. 71 (S.D.N.Y.1978) (holding, however, that the forum-selection clause is determinative under § 1406(a) motion); *United States v. Frank Briscoe Co, Inc.*, 462 F.Supp. 114, 116–17 (E.D.La.1978) (but holding that forum-selection clause is a "very strong factor" in the § 1404(a) analysis); Wright, Miller & Cooper: Jurisdiction 2d § 3847 at 372 (citing *Plum Tree*).[4]

The other line of authority fully applies the *Bremen* rule to motions for transfer; these cases consider a forum-selection clause determinative in the absence of fraud, adhesion, or inconvenience great enough effectively to deny a party its day in court. *See, In re Fireman's Fund Insurance Co.*, 588 F.2d 93 (5th Cir.1979); *Furry v. First National Monetary Corporation*, 602 F.Supp. 6 (W.D.Okla.1984); *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708 (D.R.I.1983); *Hoffman v. Burroughs Corp.*, 571 F.Supp. 545 (N.D.Tex.1982); *Kline v. Kawai America Corp.*, 498 F.Supp. 868 (D.Minn.1980); *Full–Sight Contact Lens v. Soft Lenses, Inc.*, 466 F.Supp. 71 (S.D.N.Y.1978). These cases are the better reasoned. It is black letter law that objections to venue can be waived by either party. This ability to waive objections undercuts the *Plum Tree* court's argument that a valid clause is not dispositive. Subcontractor cites no authority in which a court transferred a case under § 1404(a) over the objection of both parties. Furthermore, the Supreme Court in *Bremen* strongly endorsed the validity and use of forum-selection clauses. This policy would be undercut if district courts routinely did an "end run" around these

4. At oral argument subcontractor submitted to the court an unpublished order by Judge Hatfield of the United States District Court for the District of Montana which ruled that Article 24 of the contract between contractor and a different party did not mandate transferring the case to California. *United States of America v. Brinderson Corporation*, CV 86–005–GF (D.Mon. July 21, 1986). Although nothing in the record indicates the similarity between Article 24 in the Montana contract and Article 22 in these actions, the court will accept subcontractor's counsel's representation that they contain the same language. The Montana ruling, however, is not contrary precedent to the result reached, or the analysis used, by this court because of the substantial differences between these actions and the Montana action. First, the Montana action involved a Miller Act claim; claims under this statute are normally brought in the district court where the contract was to be performed. Judge Hatfield noted that under the Miller Act "close calls must be decided in favor of the party preferring litigation at the job site forum." *Id.* at 3. No such policy preference in favor of the contract site operates here. Second, in the Montana action the burden was on Brinderson, as the moving party, to justify the transfer to California. In the instant actions the burden is on subcontractor to justify transfer away from California.

clauses by transferring the cases pursuant to § 1404(a).

■ Subcontractor advances the following reasons for transferring this action to Washington: 1) the convenience of witnesses; 2) the proximity of the project site; 3) the ability to secure witnesses through service of process; 4) the Washington Construction Industry's interest in the dispute; 5) the expense of litigating the action in California.[5] These factors, even if given full weight, do not fulfill subcontractor's heavy burden. Only the expense and the inability to serve potential witnesses tend to "show that trial in the contractual forum will be so gravely difficult and inconvenient that he [the party seeking relief] will for all practical purposes be denied his day in court." *Bremen*, 407 U.S. at 18, 92 S.Ct. at 1917. While subcontractor complains about its precarious financial situation and the expense of litigating in California, Hedeen Decl. ¶ 13, Exhibit E, the court does not find on this record that the likely *additional* cost of litigating these claims in California over Seattle (a figure that subcontractor does not specify) will be so severe as to prevent subcontractor from receiving adequate representation. The court also does not find that the inability to serve process on the non-party Washington witnesses is likely to deny subcontractor its day in court. These witnesses do not appear central to the contract dispute that is at the heart of all the claims—even the RICO and fraud claims. Moreover, even to the extent that the non-party witnesses are essential to the RICO and fraud claims, Hedeen Decl. ¶ 8, nothing in the record indicates why these witnesses—who apparently themselves are embroiled in disputes with contractor—would not happily testify against contractor in this court.[6]

Subcontractor therefore does not carry its burden under § 1404(a). The law of the case determines that this court is the proper forum for these actions. Additionally, nothing in the record indicates that the valid forum selection clause is inapplicable.[7]

## Motion to Consolidate

Fed.R.Civ.P. 42(a) provides that actions before a court that involve common questions of fact or law may be consolidated. The decision to consolidate is within the sound discretion of the district court. In the March 18, 1988 status conference report filed in the action (87–7448) then before Judge Hill, contractor agreed that consolidation of the two actions is appropriate.

Obviously the two actions involve common questions of fact and law. Consolidation will not prevent contractor from moving either to stay discovery in the RICO and fraud claims or to separate these claims for a later trial pursuant to Fed.R.Civ.P. 42(b).

## Preliminary Pre–Trial Statement

At the March 28, 1988 status conference in CV 87–7448, Judge Hill expressed considerable skepticism over subcontractor's RICO claim. Rotter Decl., Exhibit 6. To resolve these doubts and to refine the na-

5. At oral argument subcontractor argued that there are ten factors that courts consider under § 1404(a). Three factors not emphasized in the papers but discussed at oral argument are inconvenience to California jurors, the existence of other actions in Washington concerning this project, and the familiarity of Washington courts with Washington state law. None of these factors affects subcontractor's ability to have its day in court. Moreover, the first reason is not a valid consideration even under a standard § 1404(a) analysis in which there is no forum-selection clause. Wright, Miller & Cooper, Jurisdiction § 3854. The state law issue cuts both ways because there will be a need for the district court that hears these actions to consider at least California contract law and choice of law.

6. At oral argument subcontractor argued that many of these witnesses still have on-going contractual relations with contractor and might therefore be reluctant to testify. In any event, subcontractor can obtain the depositions of all these witnesses through compulsory process. While the court agrees that as a matter of trial tactics subcontractor legitimately may prefer live testimony to the reading of depositions into the record, the use of video depositions is often quite effective with juries. This lack of compulsory service therefore is not a significant factor.

7. Hartford also does not demonstrate that: 1) the claims against it are not ultimately covered by the contract between contractor and subcontractor; 2) defending itself in California rather than Washington will result in great hardship.

ture of the claims for the benefit of the parties and the court, the court will issue an Order to file a preliminary pre-trial statement of factual and legal contentions on the RICO claim.[8]

---

**8.** Shortly after this court issued its ruling, the Supreme Court held in *Stewart Organization, Inc. v. Ricoh Corporation,* —— U.S. ——, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) that federal law determines whether to give effect to a forum selection clause in a diversity case. The Court also held that § 1404(a) was the applica-

ble federal law. This Order is consistent with both these holdings. In particular, the concurring opinion by Justice Kennedy fully supports the reasoning of this Order that a valid forum selection clause should play a central role in the § 1404(a) analysis.